UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ADAN ALEJO ALEA,
and other similarly situated individuals,

     Plaintiff (s),

v.

AEROWAYS STAFFING SERVICES INC,
PROFESSIONAL OCEAN SERVICE CORP.,
ANJA CONSTRUCTION AND DESIGN CORP.,
ANTONIO C. HESPANHOL, and
JANETTE SUAREZ, individually

     Defendants,

_____/

## **COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b)

COMES NOW the Plaintiff ADAN ALEJO ALEA and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants AEROWAYS STAFFING SERVICES INC, PROFESSIONAL OCEAN SERVICE CORP., ANJA CONSTRUCTION AND DESIGN CORP., ANTONIO C. HESPANHOL, and JANETTE SUAREZ individually, and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid regular and overtime wages, and for retaliation under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2.  Plaintiff ADAN ALEJO ALEA is a resident of Dade County, Florida, within the jurisdiction of this Honorable Court the Plaintiff was a covered employee for purposes of the Act.

3.  Corporate Defendants AEROWAYS STAFFING SERVICES INC, PROFESSIONAL OCEAN SERVICE CORP., ANJA CONSTRUCTION AND DESIGN CORP., are Florida for Profit Corporations doing business in Dade County, within the jurisdiction of this Court. At all times material hereto, Defendants were and are engaged in interstate commerce.

4.  Pursuant to 29 C.F.R. §791.2, Defendants AEROWAYS STAFFING SERVICES INC, PROFESSIONAL OCEAN SERVICE CORP., and ANJA CONSTRUCTION AND DESIGN CORP. are joint employers of Plaintiff.

5.  The individual Defendants ANTONIO C. HESPANHOL, and JANETTE SUAREZ were and are now, the owners/partners/officers and managers of Defendant Corporations AEROWAYS STAFFING SERVICES INC, PROFESSIONAL OCEAN SERVICE CORP., and ANJA CONSTRUCTION AND DESIGN CORP. Defendants ANTONIO C. HESPANHOL, and JANETTE SUAREZ are the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

6.  All the actions raised in this complaint took place in Dade County Florida, within the jurisdiction of this Court.

<u>ALLEGATIONS COMMON TO ALL COUNTS</u>

7.  This cause of action is brought by Plaintiff as a collective action to recover from the Defendants regular and overtime compensation liquidated damages, retaliatory damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who were not paid minimum wages, or/and worked in excess of forty (40) hours during one or more weeks on or after May 2017, (the "material time") without being compensated pursuant to the FLSA.

8.  Corporate Defendants AEROWAYS STAFFING SERVICES INC, PROFESSIONAL OCEAN SERVICE CORP., and ANJA CONSTRUCTION AND DESIGN CORP. are Florida corporations performing business in Miami-Dade County.

9.  Defendants AEROWAYS STAFFING SERVICES INC, PROFESSIONAL OCEAN SERVICE CORP., and ANJA CONSTRUCTION AND DESIGN CORP. were joint employers because: 1) these companies through their owners/partners/managers ANTONIO C. HESPANHOL, and JANETTE SUAREZ had equal and absolute control over the Plaintiff and other employees similarly situated; 2) ANTONIO C. HESPANHOL, and JANETTE SUAREZ assigned duties and paid to Plaintiff and other employees similarly situated; 3) AEROWAYS STAFFING SERVICES INC, PROFESSIONAL OCEAN SERVICE CORP., and ANJA CONSTRUCTION AND DESIGN CORP., through their owners/managers ANTONIO C. HESPANHOL, and JANETTE SUAREZ, jointly and equally

determined terms and employment conditions of Plaintiff and other employees similarly situated; 4) the work of Plaintiff's simultaneously benefited the three corporations; 5) the work performed by Plaintiff and other similarly situated individuals was an integral part of the business operation of AEROWAYS STAFFING SERVICES INC, PROFESSIONAL OCEAN SERVICE CORP., and ANJA CONSTRUCTION AND DESIGN CORP. 6) Plaintiff regularly was paid with checks from the three companies.

10. Therefore, because the work performed by Plaintiff and other similarly-situated individuals, simultaneously benefited all the Defendants and directly or indirectly furthered their joint interest, Defendants AEROWAYS STAFFING SERVICES INC, PROFESSIONAL OCEAN SERVICE CORP., and ANJA CONSTRUCTION AND DESIGN CORP., are joint employers as defined in 29 C.F.R. §791.2.

11. Defendants AEROWAYS STAFFING SERVICES INC, PROFESSIONAL OCEAN SERVICE CORP., and ANJA CONSTRUCTION AND DESIGN CORP., hereinafter will be called collectively AEROWAYS STAFFING, or corporate Defendant.

12. The asserted class for this collective action includes all current and former employees similarly situated to Plaintiff, performing non-exempted duties as janitors and aircraft cleaning employees in furtherance of the business of Defendants, and who were not paid minimum wages and/or worked in excess of forty (40) hours during one or more workweeks within the material time (the "asserted class").

13. Corporate Defendant AEROWAYS STAFFING is a service contractor or subcontractor providing janitorial and ramp services at Miami International Airport.

14. Defendants AEROWAYS STAFFING, ANTONIO C. HESPANHOL, and JANETTE SUAREZ employed Plaintiff ADAN ALEJO ALEA as a janitor from approximately December 25, 2009, through March 25, 2020, or more than 10 years. However, for FLSA purposes Plaintiff's relevant employment period is 148 weeks.

15. At all times material hereto, Plaintiff and all the similarly situated employees were performing their duties for the benefit of and on behalf of the Defendants.

16. The Plaintiff was a non-exempted, full-time, hourly employee working more than 40 hours in a week period. During the relevant period, the Plaintiff was paid, or it was supposed to be paid at the Prevailing Living Wage Rate established under County Code Section 2-8.9. At the time of his termination, Plaintiff had a wage rate of $ 17.06 an hour.

17. While employed by the Defendants Plaintiff had a very irregular schedule, but most of the weeks, Plaintiff worked 5 or 6 days per week, more than 40 hours weekly. The Plaintiff did not take bonafide lunch periods.

18. However, Plaintiff alleges that during his time of employment, every week Defendants improperly and automatically deducted 2.5 or 3 hours weekly from compensable time as lunchtime took, although Plaintiff was unable to take bonafide lunch breaks.

19. In weeks in which Plaintiff worked 5 days Defendants improperly and automatically deducted from Plaintiff's wages 2.5 hours as lunchtime. In weeks in

which Plaintiff worked 6 days Defendants improperly and automatically deducted from Plaintiff's wages 3 hours as lunchtime.

20. Those 2.5, or 3 hours automatically deducted from compensable time, constitute 2.5 or 3 additional overtime hours that never were paid to Plaintiff.

21. Moreover, Plaintiff had an irregular schedule, and he was required by the employer to report working at a certain hour. Plaintiff showed up ready for work to the job site at the Miami International Airport, but due to the nature and the circumstances around the work performed at MIA, Plaintiff has to wait a minimum of 2 hours before being able to perform his work.  Waiting at the job site was an integral part of the Plaintiffs' principal activities.   Plaintiff and other similarly situated individuals were engaged to wait. Nevertheless, Plaintiff was not compensated for a minimum of 10 hours every week period. Plaintiff's waiting time is compensable under 29 CFR §785.14 and § 790.7 (h).

22. Every week Plaintiff was paid wages for 40 or less than 40 regular hours. But he was not paid for all his working hours.  The automatic deductions of lunch hours and uncompensated waiting time resulted in regular and overtime hours that were not paid at any rate, not even the minimum wage rate as established by the FLSA.

23. While employed with Defendants Plaintiff and other similarly situated individuals in the asserted class regularly worked overtime hours (hours in excess of forty (forty) per workweek referred herein as "overtime hours") and were not paid overtime compensation at the rate of one-half of their regular rate of pay (the "overtime rate"), for all of the overtime hours worked, based in part upon

Defendants' custom and practice of failing to credit and pay for overtime hours actually worked, among other violations of the FLSA.

24. Plaintiff and other similarly situated individuals did not clock-in and out, but they signed timesheets and the Defendants were able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

25. Therefore, the Defendants willfully failed to pay Plaintiff regular wages and overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

26. Plaintiff and other similarly situated individuals were paid bi-weekly with paystubs without any paystub or payroll records showing basic information about the job title and classification; the number of days worked every week; the number of hours worked each day; the gross wages earned and deductions made; annual wages paid; a record of fringe benefit payments including contributions to approved plans, etc.

27. The records, if any, concerning the number of hours worked by Plaintiff and all other employees in the asserted class, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, the Defendants did not maintain accurate and complete time records of hours worked by the Plaintiff and all other employees in the asserted class.

28. At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209 in that Plaintiff and those employees similarly situated

performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and the other employees in the asserted class the compensation to which they were lawfully entitled to all of the hours worked in excess of forty within a workweek.

29. Plaintiff was not in agreement with the lack of payment for overtime hours and for unpaid waiting time, and he complained with the manager Betty Lear. Plaintiff requested to be paid for overtime hours and for uncompensated waiting hours.

30. As a result, Plaintiff was fired on or about March 25, 2020.

31. At the times mentioned, individual Defendants ANTONIO C. HESPANHOL, and JANETTE SUAREZ were the owners and managers of AEROWAYS STAFFING. Defendants ANTONIO C. HESPANHOL, and JANETTE SUAREZ were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of AEROWAYS STAFFING in relation to their employees, including Plaintiff and others similarly situated. Defendants ANTONIO C. HESPANHOL and JANETTE SUAREZ had absolute financial and operational control of the Corporation, determining terms, and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for the Plaintiff and the asserted class' damages.

32. The Plaintiff is not in possession of time and payment records, and he never had access to check his working hours every week. It is going impossible for him to provide a good faith estimate of overtime hours without appropriate discovery. At

this time, he will provide a good faith estimate of unpaid waiting time of 10 hours per week., which constitutes unpaid compensable working hours.

33. The Plaintiff ADAN ALEJO ALEA seeks to recover unpaid regular and overtime wages that never were paid to him at the mandatory rate of time and a half his regular rate, liquidated damages, retaliatory damages, and any other relief as allowable by law.

34. The Plaintiff has retained the law offices of the undersigned attorney to represent him individually, and on behalf of the asserted class, and incurred attorney's fees and costs in bringing this action.  Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recovery of reasonable attorney's fees and costs.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

35. Plaintiff ADAN ALEJO ALEA re-adopts every factual allegation as stated in paragraphs 1-34 above as if set out in full herein.

36. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services and/or goods to customers from throughout the United States. Employer/Defendant employs more than two employees affecting interstate commerce. The Employer/Defendant uses the instrumentalities of interstate commerce and otherwise regularly engages in interstate commerce, particularly with respect to its employees.  Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum.  Therefore, there is FLSA enterprise coverage.

37. The Plaintiff was employed by an enterprise engaged in interstate commerce, and his work for the Employer/Defendant likewise affected interstate commerce. Plaintiff was a janitorial employee who regularly provided janitorial services to enterprises engaged in interstate commerce. In addition, Plaintiff handled/worked on goods and/or materials that were moved across State lines at any time during the business.  Thus, Plaintiff is a covered employee for the purpose of the Act. By reason of the foregoing, there is FLSA individual coverage.

38. Plaintiff is entitled to be paid time and one-half of the Plaintiff's regular rate of pay for each hour worked more than forty (40) hours per workweek. All similarly situated employees (comprising the members of the asserted class) are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

39. At all times material, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. In that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

40. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and the similarly situated employees in the asserted class have suffered damages plus incurring costs and reasonable attorney's fees.

41. As a result of Defendants' willful violation of the Act, Plaintiff and those similarly situated to Plaintiff are entitled to liquidated damages.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff ADAN ALEJO ALEA and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly situated and against the Defendants AEROWAYS STAFFING, ANTONIO C. HESPANHOL, and JANETTE SUAREZ, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff ADAN ALEJO ALEA actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked more than forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff ADAN ALEJO ALEA and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

<u>**COUNT II:**</u>
<u>**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION:**</u>
<u>**FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS**</u>

42. Plaintiff ADAN ALEJO ALEA re-adopts every factual allegation as stated in paragraphs 1-34 of this complaint as if set out in full herein.

43. At all times pertinent to this Complaint, Defendants AEROWAYS STAFFING was an enterprise engaged in interstate commerce or in the production of goods for

commerce as defined in § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r) and 203(s). The annual gross sales volume of the corporate Defendants was in excess of $500,000.00 per annum. Alternatively, Plaintiff and those employees similarly situated worked in interstate commerce to fall within the protections of the Act.

44. This action is brought by Plaintiff ADAN ALEJO ALEA and those similarly-situated to recover from the Employer AEROWAYS STAFFING unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

45. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

46. Defendants AEROWAYS STAFFING, ANTONIO C. HESPANHOL, and JANETTE SUAREZ employed Plaintiff ADAN ALEJO ALEA as a janitor from approximately December 25, 2009, through March 25, 2020, or more than 10 years. However, for FLSA purposes Plaintiff's relevant employment period is 148 weeks.

47. The Plaintiff was a non-exempted, full-time, hourly employee working more than 40 hours in a week period. During the relevant period, the Plaintiff was paid, or it

was supposed to be paid at the Prevailing Living Wage Rate established under County Code Section 2-8.9. At the time of his termination, Plaintiff had a wage rate of $ 17.06 an hour.

48. While employed by the Defendants Plaintiff had a very irregular schedule, but most of the weeks, Plaintiff worked 5 or 6 days per week, more than 40 hours weekly. The Plaintiff did not take bonafide lunch periods.

49. However, Plaintiff alleges that during his time of employment, he had an irregular schedule, and he worked day and night shifts. Plaintiff was required by the employer to report working at a certain hour, Plaintiff showed up ready for work to the job site at the Miami International Airport, but due to the nature and the circumstances around the work performed at MIA, Plaintiff has to wait a minimum of 2 hours before being able to perform his work.  Waiting at the job site for the aircraft to arrive, was an integral part of the Plaintiffs' principal activities.  Plaintiff and other similarly situated individuals were engaged to wait. Nevertheless, Plaintiff was not compensated for a minimum of 10 hours every week period. Plaintiff's waiting time is compensable under 29 CFR §785.14 and § 790.7 (h).

50. Every week Plaintiff was paid wages for 40 or less than 40 regular hours. But he was not paid for all his working hours.

51. Plaintiff and other similarly situated individuals did not clock-in and out, but they signed timesheets and the Defendants were able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

52. Therefore, Plaintiff was not paid for all hours worked.  There is a substantial number of hours that were not compensated at any rate, not even at the minimum

wage rate as established by 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

53. The records, if any, concerning the number of hours worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by the Plaintiff and other similarly situated individuals

54. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

55. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments.

56. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

57.  Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid wages are as follows:

\*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
Plaintiff is subjected to the minimum wages of the Dade County Prevailing Living Wage Rate established under County Code Section 2-8.9., which is higher than the federal minimum wage.  As per FLSA regulations, the higher minimum wage applies.

    a.   <u>Total amount of alleged unpaid wages</u>:

        Twenty-Four Thousand Two Hundred Fifty-Nine Dollars and 50/100 ($24,259.50)

    b.   <u>Calculation of such wages</u>:

        Total time of employment: more than 10 years
        Total relevant weeks of employment:  148 weeks

Total of unpaid regular hours: 10 hours waiting time weekly.

**1.- Minimum wages from May 21, 2017 to September 30, 2018**

Total relevant weeks: 71 weeks
Total of unpaid regular hours: 10 hours waiting time weekly.
Regular rate: $16.15

$16.15 x 10 hours= $161.50 x 71 weeks= 11,466.50

**2.- Minimum wages from October 1, 2018 to September 30, 2019**

Total relevant weeks: 52 weeks
Total of unpaid regular hours: 10 hours waiting time weekly.
Regular rate: $16.40

$16.40 x 10 hours= $164.00 x 52 weeks= $8,528.00

**3.- Minimum wages from October 1, 2019 to March 25, 2020**

Total relevant weeks: 25 weeks
Total of unpaid regular hours: 10 hours waiting time weekly.
Regular rate: $17.06

$17.06 x 10 hours= $170.60 x 25 weeks= $4,265.00

Total #1, #2, #3 = $24,259.50

   c.   <u>Nature of wages:</u>

This amount represents unpaid minimum wages at Dade County Prevailing Living Wage Rate.

58. At all times pertinent to this Complaint, Plaintiff ADAN ALEJO ALEA is entitled to be paid minimum wages as required by the FLSA. All similarly situated employees (comprising the members of the asserted class) are similarly owed their minimum wages for every hour they worked and were not properly compensated.

59. Defendants willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum

wages since the commencement of Plaintiff's employment with Defendants as set forth above.

60. Defendants knew and/or showed a reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages as set forth above, and Plaintiff is entitled to recover double damages.

61. At the times mentioned, individual Defendants ANTONIO C. HESPANHOL, and JANETTE SUAREZ were the owners and managers of AEROWAYS STAFFING. Defendants ANTONIO C. HESPANHOL, and JANETTE SUAREZ were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of AEROWAYS STAFFING in relation to their employees, including Plaintiff and others similarly situated. Defendants ANTONIO C. HESPANHOL and JANETTE SUAREZ had absolute financial and operational control of the Corporation, determining terms, and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for the Plaintiff and the asserted class' damages.

62. Defendants AEROWAYS STAFFING, ANTONIO C. HESPANHOL, and JANETTE SUAREZ willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

63. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and the similarly situated employees in the asserted class have suffered damages plus incurring costs and reasonable attorney's fees.

64. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff ADAN ALEJO ALEA and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff ADAN ALEJO ALEA and against the Defendants AEROWAYS STAFFING, ANTONIO C. HESPANHOL, and JANETTE SUAREZ based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff ADAN ALEJO ALEA and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

**COUNT III:**
**FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)**
**RETALIATION; AGAINST ALL DEFENDANTS**

65. Plaintiff ADAN ALEJO ALEA re-adopts every factual allegation as stated in paragraphs 1-34 of this complaint as if set out in full herein.

66. At all times pertinent to this Complaint, Defendants AEROWAYS STAFFING was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r) and 203(s). The annual gross sales volume of the corporate Defendants was more than $500,000.00 per annum. Alternatively, Plaintiff and those employees similarly situated worked in interstate commerce to fall within the protections of the Act.

67. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

68. 29 U.S.C. § 206 (a) (1) states "….an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

69. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

70. Defendant AEROWAYS STAFFING was subjected to the provisions of the Fair Labor Standards Act.

71. Defendants AEROWAYS STAFFING, ANTONIO C. HESPANHOL, and JANETTE SUAREZ employed Plaintiff ADAN ALEJO ALEA as a janitor from approximately December 25, 2009, through March 25, 2020, or more than 10 years. However, for FLSA purposes Plaintiff's relevant employment period is 148 weeks.

72. The Plaintiff was a non-exempted, full-time, hourly employee working more than 40 hours in a week period. During the relevant period, the Plaintiff was paid, or it was supposed to be paid at the Prevailing Living Wage Rate established under County Code Section 2-8.9. At the time of his termination, Plaintiff had a wage rate of $ 17.06 an hour.

73. While employed by the Defendants Plaintiff had a very irregular schedule, but most of the weeks, Plaintiff worked 5 or 6 days per week, more than 40 hours weekly. The Plaintiff did not take bonafide lunch periods.

74. However, Plaintiff alleges that during his time of employment, every week Defendants improperly and automatically deducted 2.5 or 3 hours weekly from compensable time as lunchtime took, although Plaintiff was unable to take bonafide lunch breaks.

75. Those 2.5, or 3 hours automatically deducted from compensable time, constitute 2.5 or 3 additional overtime hours that never were paid to Plaintiff.

76. Moreover, Plaintiff had an irregular schedule, and he was required by the employer to report working at a certain hour. Plaintiff showed up ready for work to the job site at the Miami International Airport, but due to the nature and the circumstances around the work performed at MIA, Plaintiff has to wait a minimum of 2 hours before being able to perform his work.  Waiting at the job site was an integral part

of the Plaintiffs' principal activities.   Plaintiff and other similarly situated individuals were engaged to wait. Nevertheless, Plaintiff was not compensated for a minimum of 10 hours every week period. Plaintiff's waiting time is compensable under 29 CFR §785.14 and § 790.7 (h).

77. Every week Plaintiff was paid wages for 40 or less than 40 regular hours. But he was not paid for all his working hours, as established by the FLSA.

78. Plaintiff and other similarly situated individuals did not clock-in and out, but they signed timesheets and the Defendants were able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

79. Therefore, the Defendants willfully failed to pay Plaintiff regular wages and overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

80. Plaintiff and other similarly situated individuals were paid bi-weekly with paystubs without any paystub or payroll records showing basic information about the job title and classification; the number of days worked every week; the number of hours worked each day; the gross wages earned and deductions made; annual wages paid; a record of fringe benefit payments including contributions to approved plans, etc.

81. Plaintiff was not in agreement with the lack of payment for overtime hours and for unpaid waiting time, and he complained with the manager Betty Lear.

82. On or about March 25, 2020, the Plaintiff complained and requested to be paid for overtime hours and for uncompensated waiting hours.

83. This complaint about overtime payment and unpaid hours constituted protected activity under the Fair Labor Standards Act.

84. As a result of Plaintiff's complaint, he was fired by the Defendants the same day, March 25, 2020.

85. At all times during his employment, the Plaintiff performed his work satisfactorily, and there was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

86. The termination of Plaintiff ADAN ALEJO ALEA by the Defendants was directly and proximately caused by Defendants' unjustified retaliation against Plaintiff because of his complaints about overtime payment, in violation of Federal Law.

87. Moreover, Plaintiff's termination came just immediately after Plaintiff's participation in protected activity.

88. At the times mentioned, individual Defendants ANTONIO C. HESPANHOL, and JANETTE SUAREZ were the owners and managers of AEROWAYS STAFFING. Defendants ANTONIO C. HESPANHOL, and JANETTE SUAREZ were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of AEROWAYS STAFFING in relation to their employees, including Plaintiff and others similarly situated. Defendants ANTONIO C. HESPANHOL and JANETTE SUAREZ had absolute financial and operational control of the Corporation, determining terms, and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for the Plaintiff and the asserted class' damages.

89. Defendants AEROWAYS STAFFING and ANTONIO C. HESPANHOL AND JANETTE SUAREZ willfully and maliciously retaliated against Plaintiff by engaging in retaliatory actions that were materially adverse to a reasonable employee, and with the purpose to dissuade Plaintiff from exercising his rights under 29 U.S.C. 215(a)(3).

90. The motivating factor which caused Plaintiff ADAN ALEJO ALEA to be fired, as described above was his complaint seeking overtime wages from the Defendants. In other words, Plaintiff would not have been fired, but for his complaint for overtime wages.

91. The Defendants' adverse actions against Plaintiff ADAN ALEJO ALEA were in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

92. Plaintiff ADAN ALEJO ALEA has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff ADAN ALEJO ALEA respectfully requests that this Honorable Court:

A. Enter judgment declaring that the firing of Plaintiff ADAN ALEJO ALEA by Defendants AEROWAYS STAFFING, ANTONIO C. HESPANHOL, and JANETTE SUAREZ was an unlawful act of retaliation in violation of 29 U.S.C. 215 (a) (3).

B. Enter judgment against Defendants AEROWAYS STAFFING and ANTONIO

C. HESPANHOL, and JANETTE SUAREZ awarding Plaintiff liquidated damages in an amount equal to the amount awarded as consequential damages;

C. For all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages

D. Enter judgment awarding Plaintiff reasonable attorney's fees and costs of this suit; and

E. Grant such other and further relief as this Court deems necessary and proper.

F. Reinstatement and promotion and injunctive relief prohibiting the Defendants from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages until Plaintiff becomes 65 years of age as well as all other damages recoverable as per 29 U.S.C. 216(b).

<u>JURY DEMAND</u>

Plaintiff ADAN ALEJO ALEA and demands trial by jury of all issues triable as of right by jury

DATED: May 25, 2020

Respectfully submitted,

By: **_/s/ Zandro E. Palma_**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*