## SETTLEMENT AGREEMENT AND GENERAL RELEASES

Plaintiff, ADAN ALEJO ALEA ("Plaintiff" or "ALEA"), and Defendants, AEROWAYS STAFFING SERVICES INC, PROFESSIONAL OCEAN SERVICE CORP., ANJA CONSTRUCTION AND DESIGN CORP., ANTONIO C. HESPANHOL, and JANETTE SUAREZ, individually, ("Defendants"), (Plaintiff and Defendants hereinafter collectively referred to as "Parties") hereby agree upon this settlement ("Settlement" or "Agreement") of all issues involved in the above-styled case as follows:

### I. RECITALS AND DEFINITIONS

A.  The "**Lawsuit**" shall mean the action, filed in the District Court in and for the Southern District of Florida entitled *Adan Alejo Alea v. Aeroways Staffing Services Inc., Professional Ocean Services Inc, Professional Ocean Service Corp., Anja Construction and Design Corp., Antonio C. Hespanhol, and Janette Suarez,* bearing Case No.: 20-CV-22168, seeking damages for claims arising out of ALEA'S employment with DEFENDANTS and any and all claims which could have arisen from the allegations contained therein.

B.  "**Plaintiff**" shall mean, ADAN ALEJO ALEA, his heirs, executors, spouses, administrators, agents, distributees, attorneys, beneficiaries, successors in interest and assignees.

C.  "**Defendants**" shall mean AEROWAYS STAFFING SERVICES INC, PROFESSIONAL OCEAN SERVICE CORP., ANJA CONSTRUCTION AND DESIGN CORP., and each of their respective predecessors and successors in interest, assignees, parents, subsidiaries, parent corporations, affiliates, subsidiaries, divisions and related companies and entities, and its past, present and future shareholders, owners, operators, employees, officers, directors, supervisors, employees, agents, executors, administrators, insurers, reinsures, (whether current or former) and representatives, in their individual and official capacities, and ANTONIO C. HESPANHOL, and JANETTE SUAREZ, and their heirs, executors, spouses, administrators, agents, attorneys, distributees, attorneys, beneficiaries, successors in interest and assignees (hereinafter "Defendants Releasees").

D.  "**Administrative Proceeding**" An "Administrative Proceeding" includes any charge or complaint or other action instituted with a federal, state or local governmental agency including the Division of Administrative Hearings ("DOAH"), Florida Commission on Human Relations ("FCHR") and the U.S. Equal Employment Opportunity Commission ("EEOC").

WHEREAS, at all times the Defendants denied and continue to deny any wrongdoing whatsoever and have denied and continues to deny that they committed, or threatened, or attempted to commit any wrongful act or violation of law or duty alleged in the Lawsuit; and Defendants maintain that they have meritorious defenses to the claims asserted in the Lawsuit and were prepared to vigorously defend all aspects of the Action; and

WHEREAS, the Parties, intend to fully compromise and settle the Lawsuit and finally resolve all controversies between them; and

NOW, THEREFORE, in consideration of the mutual promises set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and conclusively established, the Parties, by and through their respective undersigned counsel, stipulate and agree that the Action shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice as to all Parties, upon and subject to the terms and conditions of this Agreement.

## II. AGREEMENT AND GENERAL RELEASES

1. **Consideration**. In consideration for signing this Agreement and compliance with the promises and covenants made herein, DEFENDANTS agree to pay the total sum of TWENTY-TWO THOUSAND AND FIVE HUNDRED DOLLARS ($22,500.00) (the "Settlement Amount") as set forth below, in full and final settlement and resolution of all claims ADAN ALEJO ALEA has, had, or may have against DEFENDANTS. Upon execution by Plaintiff of this Settlement Agreement, as more fully set forth through the schedule below, Payment of the Settlement Amount shall be delivered to Plaintiff's counsel as set forth below:

The Settlement Amount shall be allocated as follows:

A. DEFENDANTS shall make an initial payment in the amount of Twelve Thousand and Five Hundred Dollars ($12,500.00), made directly to Zandro E. Palma, P.A. IOLTA account on or before July 31, 2020, contingent on receipt of a signed settlement agreement prior to that date.

B. The remaining Settlement Amount shall be paid in four (4) installments of Two Thousand and Five Hundred Dollars ($2,500.00) made directly to Zandro E. Palma, P.A. IOLTA.

    a. The first installment payment ($2,500.00) shall be issued by Defendants to Plaintiff as set forth above, on August 20, 2020.
    b. The three (3) remaining Installment Payments shall be payable as follows until the Settlement Amount is paid in full:
        i. payment of Two Thousand and Five Hundred Dollars ($2,500.00) on September 20, 2020,
        ii. payment of Two Thousand and Five Hundred Dollars ($2,500.00) on October 20, 2020, and
        iii. payment of Two Thousand and Five Hundred Dollars ($2,500.00) on November 20, 2020.
    c. Notice of each installment payment shall be emailed to Zandro Palma at zep@thepalmalawgroup.com on the day the funds are transferred. In the event of default of payment when due and payable, DEFENDANTS shall have three (3) business days to cure. Failure to cure shall result in an entry

of a Stipulated Judgment for the balance then remaining, plus ten thousand dollars ($10,000.00) in liquidates damages, plus reasonable fees and costs incurred in entering and enforcing default judgment.

Payment of the settlement funds is contingent upon counsel for the Plaintiff filing a Joint Motion for Approval of Settlement and Dismissal with Prejudice, and approval of the settlement by District Court and the settlement funds shall be held in trust by Law Offices of Zandro E. Palma, P.A., until such filing is granted by the Court. The Parties have successfully come to an agreement to resolve their dispute and will seek dismissal of the action with prejudice under Fed. R. Civ. P. 41(a)(1)(A)(ii).

ALEA shall be solely and exclusively responsible for all taxes and tax liability related to such payment, including interest and penalties.

Plaintiff shall be solely and exclusively responsible for all taxes and tax liability related to such payment, including interest and penalties. The fully executed Agreement shall be held in trust by Lydecker | Diaz. Plaintiff agrees to indemnify and hold harmless DEFENDANT, its owners, agents, officers, directors, employees, supervisors, insurers, and reinsurers, (whether former or present) in their official and individual capacity, their heirs and legal representatives, executors, administrators, successors and assigns for any taxes and/or penalties he may be assessed as a result of Petitioner's own failure to pay any necessary federal, state or local taxes. The foregoing indemnification provision is limited to tax issues.

Both PLAINTIFF and DEFENDANTS mutually agree to be fully responsible for their own attorneys' fees and costs charged by their respective attorneys in connection with all portions of this matter including the negotiation and formulation of this Agreement.

2.  **General Release of All Claims.** In exchange for the Settlement Payment, and other good and valuable consideration, Plaintiff to the extent permitted by law hereby forever unconditionally and irrevocably release, settle, acquit, remise, satisfy and discharge each other of and from, any and all claims and demands, past, present or future, known or unknown, or could have been known with reasonable diligence, and all manner of action and actions, causes of action, suits, administrative proceedings, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, torts, trespasses, damages, expenses or costs, judgments, executions, warranties, claims and demands whatsoever, in law or in equity, which he and his heirs, executors, administrators, agents, distributees, beneficiaries, successors in interest and assignees ever had or now have or in the future may have by reason of any matter, cause or thing whatsoever from the beginning of the world to the execution of this Agreement, including, but not limited to, any and all claims which were actually asserted, or might have been asserted or could have been asserted by Plaintiff in this action or otherwise arising out of Plaintiff's relationship with Defendant including but not limited to any of the following alleged violations:

- Equal Pay Act

- Fair Credit Reporting Act

- The Genetic Information Nondiscrimination Act of 2008 ("GINA")
- Florida Whistle-Blower's Act ("FWA");
- The National Labor Relations Act, as amended;
- Title VII of the Civil Rights Act of 1964, as amended;
- Sections 1981 through 1988 of Title 42 of the United States Code, as amended;
- The Employee Retirement Income Security Act of 1974, as amended ("ERISA");
- The Immigration Reform Control Act, as amended;
- The Age Discrimination and Employment Act ("ADEA");
- The Older Worker Protection Benefit Act (OWPB);
- The Americans with Disabilities Act of 1990, as amended ("ADA");
- The Fair Labor Standards Act, as amended ("FLSA");
- The Occupational Safety and Health Act, as amended ("OSHA");
- The Family and Medical Leave Act of 1993, as amended ("FMLA");
- The Florida Civil Rights Act, as amended;
- The Florida Equal Pay Law, as amended;
- The Florida Wage Discrimination Law, as amended;
- The Florida State Wage and Hour Laws, as amended;
- The Florida Occupational Safety and Health Laws, as amended;
- Chapter 112, Florida Statutes
- Chapter 119, Florida Statutes
- Chapter 440, Florida Statutes, and Section 440.205, Florida Statutes covering Worker's Compensation laws;
- The Florida Worker's Compensation Retaliation Statute (Fla. Stat. §440.205);

- Fla. Stat. §448.08;

- All alleged claims for handicap or disability discrimination; age discrimination; national origin discrimination, gender discrimination, sex discrimination, race discrimination, retaliation, whistle blowing, breach of contract, rescission or promises, whether pursuant to Federal or State law, in law or equity;

- Torts of all kind, including but not limited to, misrepresentation, negligence or otherwise, fraud, defamation, libel, slander, worker's compensation retaliation, interference with an advantageous business relationship, battery, negligence, intentional infliction of emotional distress, negligent security, invasion of privacy, negligent hiring, negligent retention, discrimination, claims or rights under State and Federal Whistle Blower legislation, including Sections 448.101 through 448.105, Florida Statutes, the Consolidated Omnibudget Reconciliation Act ("COBRA"), the Older Workers Benefits Protection Act ("OWBPA"), and any other claims of any kind, whether pursuant to Federal or State law, in law or equity;

- Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance;

- Any public policy, contract, tort, or common law; or

- Any allegation for costs, fees, or other expenses including attorneys' fees incurred in these matters.

ALEA specifically waives any right of action and administrative or judicial relief which he might otherwise have available in the state and federal courts or administrative proceedings, including all common law claims and claims under federal and state constitutions, statutes, regulations, federal executive orders, county and municipal ordinances and regulations, or any claim arising out of ALEA'S employment relationship with DEFENDANTS.

ALEA and DEFENDANTS mutually acknowledge and agree that the release set forth herein is a general release and ALEA further expressly waives and assumes the risk of any and all claims for damages which exist as of this date, but of which the parties do not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect either or both parties' decision to enter into this Agreement. ALEA further agrees that payment of the sum specified above has been accepted as a complete compromise of matters involving disputed issues of law and fact, and ALEA assumes the risk that the facts or law may be otherwise than currently believed.

3. **Dismissal of Lawsuit.** Plaintiff agrees that acceptance of this Agreement constitutes settlement in full of any and all claims against Defendant arising out of Plaintiff's Lawsuit, filed in the Southern District of Florida entitled *Adan Alejo Alea v. Aeroways Staffing Services Inc., Professional Ocean Services Inc, Professional Ocean Service Corp., Anja Construction and Design Corp., Antonio C. Hespanhol, and Janette Suarez,* bearing Case No.: 20-CV-22168,.

Within ten (10) days after receipt of the Settlement Amount, Plaintiff shall cause to be filed a Stipulation for Dismissal with Prejudice of the Lawsuit.

4. **Affirmations.** ALEA affirms that he has not filed, caused to be filed, or presently is a party to any claim, complaint, action or charge of discrimination with any agency, including but not limited to the EEOC, the Florida Commission on Human Relations ("FCHR"), the United States Department of Labor, the Florida Department of Labor and Employment Security/Florida Agency for Workforce Innovation/ Florida Department of Economic Opportunity, or any other federal, state or local agency, against DEFENDANTS, their owners, agents, officers, directors, employees (current or former), supervisors, insurers, and reinsurers, (whether former or present) in their official and individual capacity, their heirs and legal representatives, executors, administrators, successors and assigns; in any forum or form. ALEA further agrees that he will not voluntarily assist in the investigation or litigation of any claims, charges, or controversies brought by any person or entity against DEFENDANTS, their owners, agents, officers, directors, employees, supervisors, insurers, and reinsurers, (whether former or present) in their official and individual capacity, their heirs and legal representatives, executors, administrators, successors and assigns. ALEA furthermore affirms that he has been paid and/or has received all compensation, wages, bonuses, commissions and/or benefits to which he is entitled and that no other compensation, wages, bonuses, commissions and/or benefits are due to him, except as provided in this Agreement.

5. **Non-disparagement.** Plaintiff agrees not to take any action which may disparage Defendant or its predecessors and successors in interest, assignees, parents, subsidiaries, parent corporations, affiliates, subsidiaries, divisions and related companies and entities, and its past, present and future shareholders, owners, operators, employees, officers, directors, supervisors, appointed and elected officials, managers, employees, agents, executors, administrators, insurers, and representatives, in their individual and official capacities, and their heirs and legal representatives, or to take any action that would be detrimental to its business and operations.

6. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of Florida, without regard to its conflict of laws provision. Should any provision of this Agreement and General Release be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provisions shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

7. **Hold Harmless** This settlement is based upon a good faith determination of the Parties to resolve a disputed claim. The Parties have attempted to resolve this matter in compliance with both state and federal law, and it is believed that the settlement terms adequately consider and protect Medicare's interest and do not reflect any attempt to shift responsibility of past or future medical treatment to Medicare in contravention of 42 U.S.C. § 1395y(b). The Parties acknowledge and understand that any present or future action or decision by the Centers for Medicare & Medicaid Services ("CMS") on this settlement, or the Claimant's eligibility or entitlement to Medicare or Medicare benefits, will not render this release void or ineffective, or in any way affect the finality of this liability settlement.

ALEA and his counsel warrant he is not a Medicare beneficiary as of the date of this release. Because he is not a Medicare recipient as of the date of this release, no conditional payments have been made by Medicare. Further, ALEA shall indemnify, defend and hold harmless DEFENDANT and any and all insurers from any and all claims, liens, Medicare conditional payments and rights to payment, known or unknown. If any governmental entity, or anyone acting on behalf of any governmental entity, seeks damages including multiple damages from the DEFENDANT and/or any and all insurers relating to payment by such governmental entity, or anyone acting on behalf of such governmental entity, relating to ALEA'S alleged injuries, claims or the Litigation, Plaintiff will defend and indemnify DEFENDANT and any and all insurers from any and all such damages, penalties, claims, liens, demands, Medicare conditional payments and rights to payment, including any attorneys' fees sought by such entities and any action by CMS alleging that Medicare's interests were not considered in this settlement.

8. **No Admission of Wrongdoing**.   ALEA and DEFENDANT mutually agree that neither this Agreement, nor the furnishing of the consideration for this Agreement and its Releases shall be deemed or construed at any time for any purpose as an admission by either ALEA or DEFENDANT of any liability or unlawful conduct of any kind, or that one party has any rights whatsoever against the other or against any of the other released parties. The parties specifically acknowledge that DEFENDANT is agreeing to the consideration referenced above solely to avoid the cost and business disturbance brought about by litigation.

9. **Confidentiality.** PLAINTIFF agrees that he will not disclose any information concerning this Agreement or the existence of this Agreement and agrees to be bound by this confidentiality provision. PLAINTIFF further agrees not to divulge the terms, payment, or existence of this Agreement, with the exception of his, attorneys, and appropriate tax professionals, unless required to do otherwise by legal process or Court rules; if served with legal process that would require the existence and terms of this Agreement to be disclosed, Plaintiff shall provide written notice to DEFENDANT by service on its counsel Stephanie Pidermann, Esq., sp@lydeckerdiaz.com, Lydecker Diaz, 1221 Brickell Avenue, 19th floor, Miami, FL 33131 within five (5) business days of receipt of such process. In the event Defendant is asked about Plaintiff's employment, Defendant shall provide such inquiring party only the dates of Plaintiff's employment with Defendant and no other information. A material breach of this provision will entitle the parties being released to liquidated damages in the amount of $500.00 per breach. If any action is initiated to enforce this confidentiality provision, the prevailing party shall be entitled to receive its reasonable attorneys' fees, costs and expenses incurred in such action, including all appeals stemming therefrom. Included within the total sum of the settlement proceeds is the sum of $100.00, which constitutes separate consideration paid for this confidentiality agreement.

10. **Amendment**. This Agreement may not be modified, altered or changed except upon express written consent of both parties wherein specific reference is made to this Agreement.

11. **Breach of Agreement and General Release; Attorneys' Fees and Costs**.   The foregoing General Release contained in this Agreement shall not be construed to cover or include any breaches or violations of the terms and provisions of this Agreement, and the violating party shall be liable to the non-violating party in damages for breach of the Agreement set forth herein. Should legal action ensue between the parties hereto for an alleged breach or for enforcement of

the Agreement, the venue of such actions shall be the Court which the Subject Action was brought in, and the prevailing party shall be entitled to recover from the other its costs of the action, including reasonable attorneys' fees, costs and expenses, including all appeals.

12. **Severability.** Each provision of this Agreement is intended to be fully severable. If any court of competent jurisdiction determines that any provision of this Agreement is illegal, invalid or unenforceable in any manner, the remainder of this Agreement will remain in force, unless the Release is deemed unenforceable in which case, the entire Agreement will be null and void.

13. **Entire Agreement.** This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. ALEA acknowledges that he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to sign this Agreement, except for those set forth in this Agreement.

ALEA HAS BEEN ADVISED THAT HE HAS HAD A REASONABLE PERIOD OF TIME TO REVIEW THIS AGREEMENT AND GENERAL RELEASE AND HAS CONSULTED WITH HIS ATTORNEYS, PRIOR TO EXECUTING THIS AGREEMENT AND GENERAL RELEASE. HAVING ELECTED TO EXECUTE THIS AGREEMENT AND GENERAL RELEASE, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEM BY THE SUMS AND BENEFITS SET FORTH IN SECTION 2 ABOVE, ALEA FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST DEFENDANT.

PLEASE READ CAREFULLY, THIS AGREEMENT CONTAINS A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.

Dated, this __ day of _____ 2020. 07 / 22 / 2020

_____
ADAN ALEJO ALEA



## Audit Trail

| | |
|---|---|
| **TITLE** | Settlement Agreement |
| **FILE NAME** | 3IO9532-Alea Settlement (v.2).PDF |
| **DOCUMENT ID** | 22ba6adb0650ad33631734a751bccee8148e4efb |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | • Completed |

### Document History

**SENT** — 07 / 22 / 2020  15:54:04 UTC-5
Sent for signature to Adan Alejo (adanalejo67@gmail.com) from svelez@thepalmalawgroup.com
IP: 73.0.216.26

**VIEWED** — 07 / 22 / 2020  16:46:40 UTC-5
Viewed by Adan Alejo (adanalejo67@gmail.com)
IP: 107.77.216.64

**SIGNED** — 07 / 22 / 2020  18:22:56 UTC-5
Signed by Adan Alejo (adanalejo67@gmail.com)
IP: 70.135.159.230

**COMPLETED** — 07 / 22 / 2020  18:22:56 UTC-5
The document has been completed.

Powered by HELLOSIGN

_____  
AEROWAYS STAFFING SERVICES INC

7/28/20  
DATE

By __JANETTE SUAREZ__ its __PRESIDENT__

_____  
PROFESSIONAL OCEAN SERVICE CORP.

7/29/20  
DATE

By __JANETTE SUAREZ__ its __PRESIDENT__

_____  
ANJA CONSTRUCTION AND DESIGN CORP.

7/29/20  
DATE

By __ANTONIO HESPONHOL__ its __PRESIDENT__

_____  
ANTONIO C. HESPANHOL

7/29/20  
DATE

_____  
JANETTE SUAREZ

7/29/20  
DATE